**Bishop E. Harris MOORE, Appellant,**

v.

**The Reverend Willie GRAHAM, Respondent.**

**No. WD 47182.**

Missouri Court of Appeals, Western District.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Application to Transfer Denied Nov. 23, 1993.

Ronald R. Clark, Kansas City, for appellant.

Douglas Carter, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

Bishop E. Harris Moore and the Reverend Willie Graham are grappling over the pulpit of the Faith Mission Church of God in Christ in Kansas City. Graham has rebuffed orders by Moore, local bishop of the Church of God in Christ, and the denomination's local Elders Council to step down as the church's pastor. At issue is whether the trial court correctly granted summary judgment in favor of Graham. We affirm dismissal of the case on the ground that Moore was not the real party in interest.

Moore sued Graham on June 19, 1992. He contended that he was the local "jurisdictional bishop" of the Church of God in Christ, Inc., and was the denomination's representative in all church matters in his jurisdiction. He asked the trial court to enjoin Graham from "exercising any authority as Pastor of [Faith Mission] church[.]"

Graham responded with an answer on August 20, 1992, and with a motion to dismiss on September 21, 1992. The motion stated:

Pursuant to Supreme Court Rules 52.01, 55.27(1), 55.27(6), 55.27(7), 55.27(9) and 74.-04(b), Defendant Willie Graham moves for an order dismissing this lawsuit. The grounds for dismissal are:

1. The Petition for Temporary Restraining Order and Preliminary and Permanent Injunction, which Plaintiff has filed commencing this litigation, on its face presents a private religious dispute which this Court lacks jurisdiction to resolve in light of constitutional doctrines requiring separation of church and state; and

2. Were this religious dispute justiciable, the suit is being prosecuted by other than the real party in interest.

Attached to the motion were Graham's supporting suggestions and the affidavit of Dorothy Middlebrook, Faith Mission's secretary. The affidavit stated:

Faith Mission is and always has been an independent church. Although we follow the general doctrines and beliefs of the Church of God in Christ, Inc., headquartered in Memphis, Tennessee, we are and never have been subject to or bound by the oversight of that national church organization. Accordingly, we hold title to all the Church's property in the Church's own name and we elect a Board of Trustees annually during our membership meeting in January.

... Rev. Willie Graham serves as our pastor. He was elected to that position by the Church's membership during a specially called meeting held on May 19, 1991.

He also serves as the president of the corporation, having been elected to that position by the Church's Board of Trustees. Except for a small handful of individuals who have attended our church, Rev. Graham enjoys the overwhelming support of our congregation.

... When we learned that E. Harris Moore was endeavoring to remove Rev. Graham from our pulpit, we consulted with the Church's leadership and attorneys and determined that the letter attached to this Affidavit as Attachment "B" should be sent. The letter is signed unanimously by our Board of Trustees and is also signed by the leaders of each of the other organizations within the Church.

Attached to Middlebrook's affidavit-Moore had them attached to his petition, too—was Faith Mission's articles of incorporation. Section 5(1) of the articles said, "[I]t is expressly understood that this corporation is not bound by or subject to oversight by any other ecclesiastical body, but will generally follow the doctrine of the Church of God in Christ[.]"

Moore filed suggestions in opposition to the motion on October 9, 1992, but he did not submit any evidence controverting the factual allegations set forth in Middlebrook's affidavit. Moore's suggestions averred that, as jurisdictional bishop, he had sole "authority to appoint or remove pastors pursuant to the procedure contained in the *Official Manual* [of the Church of God in Christ.] The local church can only express their preferences regarding pastors and enter into employment contracts with them." He also pleaded that "Faith Mission Church of God in Christ ... was formed on June 30, 1971 and has operated as a church within the [Church of God in Christ (COGIC)] and submitted to its jurisdiction without question, until shortly after the appointment of Reverend Willie Graham as pastor of the Church." Moore did not support these contentions with sworn testimony or other cognizable evidence.

The trial court took up the motion without a hearing and issued what it denominated a summary judgment on November, 24, 1992. The court's order stated:

Having duly considered the motion, the court is of the opinion that at least two of the grounds claimed by [Graham] are sufficient to warrant dismissal of the petition herein. [Moore] purports to bring this action as the Jurisdictional Bishop of the Church of God in Christ, Inc. (COGIC). Rule 52.01 requires that all actions be brought in the name of the real party in interest. The rule does not allow [Moore] to bring this cause of action in a representative capacity. In the petition [Moore] alleges that [Graham] is exercising authority as pastor of Faith Mission Church of God in Christ (Faith Mission) and that Faith Mission is under the jurisdiction of COGIC. Assuming that [Moore] is permitted to bring this action on behalf of COGIC against [Graham] to remove him as pastor, it would have to be based upon the superintending authority of COGIC over Faith Mission. The evidence submitted in support of the motion for summary judgment shows that Faith Mission is a Not For Profit Corporation incorporated under the laws of Missouri and is independent of any other ecclesiastical body. There is no evidence that Faith Mission every [sic] submitted to the government of COGIC. Consequently, COGIC has no authority over Faith Mission or its pastor, [Graham], and [Graham] is entitled to summary judgment.

Moore complains that the court improperly found that he was not the real party in interest.[1] We disagree.

Moore averred that he was suing in a representative capacity. He alleged that he was "the Jurisdictional Bishop of the Church of God in Christ ... and its *representative*[2] in all church matters in its Ecclesiastical Jurisdiction[.]" Later in his petition, Moore

---

**1.** Moore also complained that the trial court improperly considered Middlebrook's affidavit by treating the motion as seeking summary judgment and, in any case, erred in concluding that Faith Mission was not subject to the supervision of the Church of God in Christ. Because we

affirm the trial court's ruling that Moore was not the real party in issue, we need not address these points.

**2.** We added the emphasis.

asserted, "[Graham] and [Faith Mission] have submitted to the jurisdiction and discipline of COGIC as set forth in its Official Manual." Moore referred to art. IV, § A.3 of the manual, which says, "Each Jurisdictional Bishop shall be the *representative* of the Church Of God In Christ in respect to all church matters in his Ecclesiastical Jurisdiction and shall have general supervision over all departments and Churches in his jurisdiction."

 Rule 52.01 states, "Every civil action shall be prosecuted in the name of the real party in interest[.]" Moore did not have a justiciable interest in the lawsuit; the Church of God in Christ's interest was at stake. Although Moore may have had much independence in superintending the denomination's supervisory authority, he still was acting on behalf of the Church of God in Christ.

Moore complains that the trial court should have ordered dismissal without prejudice rather than issuing summary judgment. The trial court acted properly within its discretion. In requesting additional time to respond to Graham's motion, Moore told the trial court:

> One of the principle points made in his Motion To Dismiss was that the real party in interest was the Church of God In Christ, Inc., a Tennessee Corporation (COGIC).
>
> ... While not admitting that COGIC is the real party in interest, [Moore] has sought and is confident that the COGIC will authorize its inclusion in the subject action.
>
> ... As of this writing, [Moore] has not secured same, although [Moore] is presently in Memphis, Tennessee, among other things, to discuss this matter with national church officials.
>
> ... Inclusion of COGIC should expedite the resolution of this matter by narrowing the issues for the Court's ruling.

The absence from the record of a motion to amend indicates that Moore did not persuade the Church of God in Christ to join his action.

For these reasons, we conclude that the trial court properly dismissed Moore's suit.

All concur.