**STATE ex rel. Walter D. RYAN, Appellant,**

v.

**Mel CARNAHAN, Gary B. Kempker, Frederick M. Mills, and William K. Seibert, Respondents.**

No. 71880.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 27, 1998.

Donald K. Gerard, St. Louis, for appellant.

Denise Thomas, St. Louis, for respondents.

CRAHAN, Chief Judge.

Walter D. Ryan ("Appellant") appeals the entry of summary judgment in favor of Governor Carnahan and a list of other Missouri

officials ("State") charged with governing the Missouri Highway Patrol ("Patrol") on his petition for a writ of Mandamus.

The facts of the case are undisputed. Patrol assigns its members to enforce criminal laws on gambling boats. Appellant, a retired former highway patrolman, contends that such assignments are not authorized by proper legislative authority. In particular, Appellant claims section 43.220 RSMo 1994,[1] which proscribes state officials from ordering patrol members "to perform any duty or service not authorized by this chapter," makes the assignment of patrol members to gambling boats illegal although the legislature clearly contemplated such agreements in another chapter. See section 313.004(9); see also section 43.050.3.

■ The State raises the dispositive issue of standing in its brief. "If a party lacks standing sufficient to maintain the action and therefore has no right to relief, the trial court necessarily lacks jurisdiction of the question presented and cannot enter a judgment on the matter." *State ex rel. Bird v. Weinstock,* 864 S.W.2d 376, 380 (Mo.App. 1993). "Standing requires that a party seeking relief have a legally cognizable interest in the subject matter and that he has a threatened or actual injury." *Eastern Missouri Laborers Dist. Council v. St. Louis County,* 781 S.W.2d 43, 45–46 (Mo. banc 1989).

In his petition, Appellant bases his lawsuit upon his status as a Missouri voter and taxpayer. Missouri has endorsed the principle that "a taxpayer has a direct interest in the proper use and allocation of tax receipts" and that interest can be sufficient to confer standing. *Eastern Missouri,* 781 S.W.2d at 47 (quoting *City of Wilmington v. Lord,* 378 A.2d 635, 637 (Del.1977)). *Eastern Missouri* further holds that a party asserting taxpayer standing must also be able "to demonstrate a direct expenditure of funds generated through taxation, or an increased levy in taxes, or a pecuniary loss attributable to the challenged transaction." 781 S.W.2d at 47 (expenditure of public funds to pay for construction contract allegedly awarded in violation of competitive bidding rules sufficient to

confer standing on a taxpayer); See also *Tichenor v. Missouri State Lottery Commission,* 742 S.W.2d 170, 172 (Mo. banc 1988) (expenditure of approximately $300,000 to explore possibility of entering a multistate lottery pool is sufficient to confer standing on a taxpayer, despite the fact that lottery would likely make a profit for the state).

■ In the present case, Appellant failed to make such a showing. Use of Patrol officers on gambling boats does not require the expenditure of funds generated through taxation. Section 313.004(9) provides that the state gaming commission may enter into agreements with various law enforcement agencies to carry out its duties and that, "when such agreements are entered into for responsibilities relating to excursion gambling boats, the commission shall require excursion gambling boat licensees to pay for such services under the rules and regulations of the commission." The gaming commission subsequently passed such a rule, which provides "each holder of a Class A or Class B license shall reimburse the commission on a monthly basis for the full cost of services provided pursuant to any agreement the commission has entered into with the Missouri State Highway Patrol." 11 Mo. CSR 45–7.145 (1996).

In view of section 313.004(9) and 11 Mo. CSR 45–7.145, Appellant has not and cannot show that he has been adversely affected as a taxpayer by the gaming commission's use of Patrol officers on gambling boats. See *Spencer v. Village of DeKalb,* 408 S.W.2d 78, 81 (Mo.1966) (taxpayer was without standing to dispute the legality of a bond election and issue because no tax-raised funds would be used to pay the bonds or the interest thereon). Accordingly, Appellant's status as a taxpayer is not sufficient to support his claim of standing to maintain this suit.

■ Appellant conceded at oral argument that he could not properly assert his taxpayer status as his basis for standing. Appellant instead claimed he brought this lawsuit because "what's right is right." While Appellant's principled stance on this issue may be admirable, the rules of standing exist to con-

---

**1.** All further statutory references are to RSMo. 1994 unless otherwise indicated.

serve scarce judicial resources and cannot yield to such an argument. See *Hinton v. City of St. Joseph*, 889 S.W.2d 854, 858 (Mo. App.1994). The judgment of the trial court is reversed and remanded with directions to dismiss Appellant's petition.

JAMES R. DOWD, J., and CHARLES B. BLACKMAR, Senior Judge, concur.