Shelby E. SHANNON,
Plaintiff/Respondent,

v.

Charles HINES, Jr., et al.,
Defendants/Appellants.

No. ED 75148.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 28, 1999.

Harold L. Whitfield, Law Office of Whitfield, Montgomery & Staples, Kirkwood, for Respondent.

Daniel L. Hohs, St. Louis, for Appellant.

SHERRI B. SULLIVAN, Judge.

Appellants Charles Hines, Jr., et al., ("Appellants") appeal from a Permanent Injunction and Final Order and Judgment. We find the trial court did not have subject matter jurisdiction over the action because Respondent Shelby E. Shannon ("Respondent") lacked standing to bring the action. Reversed and remanded with directions to the trial court to dismiss for lack of subject matter jurisdiction.

The Church of the Living God ("Church") is a Missouri corporation established in 1922. As a corporation, the Church is controlled by an executive board that must approve any decisions affecting the corporation. A local pastor makes the day-to-day decisions affecting a particular congregation or "temple." Each congregation also has trustees who oversee the financial affairs and upkeep of each temple's property. Groups of congregations are divided into districts over which a bishop presides.

The Church is governed by rules and regulations provided in the Church's constitution. Pursuant to this constitution, the chief bishop of the Church appoints local pastors to congregations for a one-

year term. In August 1995, Chief Bishop W.E. Crumes ("Crumes") appointed Charles Hines, Jr. ("Hines") as pastor of Temple # 29. Temple # 29 is located in the Church's District Two. Respondent is the district bishop for District Two, and thus he supervised Hines while he was Temple # 29's pastor. Hines served three terms as Temple # 29's pastor, being reappointed twice by Crumes.

On August 16, 1998, at the Church's annual meeting, Crumes, in accordance with Respondent's recommendation, did not reappoint Hines as Temple # 29's pastor, but rather he appointed Garland Williams, effective immediately. On August 17, two of Temple # 29's trustees issued a check in the amount of $1,165.71 from Temple # 29's account to Hines as reimbursement for out-of-pocket expenses Hines and his wife incurred attending the Church's annual meeting. The trustees also withdrew the balance of the account, $19,594.03, and a certificate of deposit worth about $10,000 and moved these monies to an undisclosed location.

On August 23, 1998, Hines presided over services at Temple # 29. Pursuant to the Church's constitution, Hines also filed a written appeal with the Church's executive board. The constitution provides that "[n]o minister or member of the Church... shall go before the law or courts for questioning against a minister, member, or temple until said matter, case, or cases involving the church have been heard and tried before the executive board of the... church."

On August 25, 1998, without seeking a hearing on the matter before the Church's executive board but with verbal authorization from Crumes, Respondent filed a Petition for Temporary Restraining Order against Appellants. The trial court granted this order the next day concluding that "if defendants are permitted to continue their activities in violation of the Order established in the Constitution of the Church of The Living God, plaintiff and all members of the brotherhood, and mem-

bers of Temple # 29 of the corporate Church of the Living God will be seriously and irreparably injured."

Subsequently, a majority contingent of Temple # 29's congregation filed a grievance with the Church's executive board requesting a hearing to determine if Hines should be reinstated as Temple # 29's pastor.

On September 24, 1998, the trial court entered a Permanent Injunction and Final Order and Judgment against Appellants. The injunction prohibits Hines from taking any position as pastor of Temple # 29 unless appointed by Crumes and Respondent to do so. It also prohibits Appellants from participating in any activity at Temple # 29 until each reapplies for membership. Further, the property at issue was ordered returned.

Rule 52.01 [1] provides in part that "[e]very civil action shall be prosecuted in the name of the real party in interest...." [2] Standing requires that the party seeking relief has a legally cognizable interest in the subject matter and that the party has a threatened or actual injury. *State ex rel. Ryan v. Carnahan,* 960 S.W.2d 549, 550 (Mo.App. E.D.1998). The party must be sufficiently affected so as to insure that a justiciable controversy is presented to the court. *Citizens Ins. Co. of Am. v. Leiendecker,* 962 S.W.2d 446, 449 (Mo.App. E.D. 1998). Thus, to have standing, the party must have some actual, justiciable interest susceptible of protection through litigation. *Warner v. Warner,* 658 S.W.2d 81, 83 (Mo. App. E.D.1983).

Appellants argue that Respondent's position within the Church does not provide him with standing, although he may have a general interest in the outcome of the litigation. We agree.

Pursuant to the Church's constitution, Respondent, as the district bishop for District Two, "may make necessary, lawful, and written appointments of ministers in [his] district between assemblies after the Chief Bishop has made his official appointments in the Annual Convention, if so agreed upon by the Chief Bishop." He also has the power "to declare pulpits vacant in [his district] for any legal or moral cause warranting such action." Further, his duties are "to assist the Chief Bishop in the operation of the entire organization, and to preside over [his district]." He is "the superior officer of [his] district," and he is to make "annual visits to the temples in [his district] for the general uplift of the temples." The constitution as presented in the record on appeal does not provide Respondent with the authority to bring a civil action, either independently or in a representative capacity, to implement these responsibilities in order to protect the interests of Temple # 29 and the Church, as it is their interests that are directly at risk.

Further, Appellants' actions do not violate any of Respondent's rights nor is Respondent a member of Temple # 29 or the owner of any of the property at issue. Accordingly, Respondent did not have standing to bring this action.

We find support for this conclusion in a decision by the Western District of this Court. In *Moore v. Graham,* 863 S.W.2d 347, 350 (Mo.App. W.D.1993), the Western District dismissed a case against a pastor because the local bishop who brought the action to enjoin the pastor did not have a justiciable interest in the lawsuit, but rather the religious corporation's interest was at stake. The court concluded that although the bishop "may have had much independence in superintending the denomination's supervisory authority, he still was acting on behalf of the [religious corporation]." *Id.*

---

1. All rule references are to Mo. R. Civ. P.1999, unless otherwise indicated.

2. The rule also allows certain individuals to bring an action in a representative capacity, but none of those situations applies here.

Similarly, although Respondent has some independence and authority for supervising the temples within his district, he acts on behalf of the Church and in accordance with its constitution. Although it is his duty to insure that congregations within his district operate in accordance with Church rules and regulations, Respondent's position within the Church is insufficient to make him a real party in interest.

■ If a party is found to lack standing, the trial court necessarily does not have jurisdiction of the question presented. *Bremen Bank and Trust Co. of St. Louis v. Muskopf,* 817 S.W.2d 602, 608 (Mo.App. E.D.1991). We find the trial court did not have subject matter jurisdiction over the action because Respondent lacked standing to bring the action. Reversed and remanded with directions to the trial court to dismiss for lack of subject matter jurisdiction. Because Respondent did not have standing to bring the action, this Court need not address the points on appeal.[3]

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.

---

**3.** Respondent's Motion to Dismiss Appeal is denied.