**In re ANCILLARY ADVERSARY PROCEEDING QUESTIONS.**

Nos. SC 84210, SC 84211, SC 84212, SC 84213.

Supreme Court of Missouri, En Banc.

Nov. 26, 2002.

Jeremiah W. (Jay) Nixon, Atty. General, James R. McAdams, Asst. Attorney General, Jefferson City, for appellant.

G. Alex Bartlett, J. Kent Lowry, Matthew D. Turner, Henry T. Herschel, Jefferson City, for respondent.

Patrick McLarney, John S. Johnston, Kansas City, for Amicus Curiae The Missouri Bar.

Stuart T. Rossman, Boston, MA, for Amicus Curiae.

Michael A. Ferry, Gateway Legal Services, Inc., St. Louis, for Amicus Curiae National Consumer Law Center.

Gregg Lombardi, Kansas City, for Amicus Curiae Legal Aid of Western Missouri.

Wade L. Nash, Jefferson City, for Amicus Curiae Missouri Bankers Association.

Daniel E. Claggett, Ann B. Lever, St. Louis, for Amicus Curiae Legal Services of Eastern Missouri.

Edward Berg, Columbia, for Amicus Curiae Mid Missouri Legal Services.

Douglas B. Kays, Springfield, for Amicus Curiae.

PER CURIAM.

The present suit is a proceeding in the nature of interpleader to determine the disposition of four funds held in the registry of the Cole County Circuit Court.[1] The receivers administering these funds asked the court below to determine whether they are obligated to pay the funds over to the treasurer of the State of Missouri under the Uniform Disposition of Unclaimed Property Act (UDUPA), section 447.010 et seq., as asserted by the treasurer and by the attorney general, or whether they can otherwise administer and pay out the funds pursuant to their authority under the common law and statutes. The court joined the receivers, the treasurer and others as parties and determined that the treasurer has no standing to seek the funds and that the funds are not payable to the treasurer under UDUPA. The treasurer appeals. As this Court holds in *Farmer v. Kinder, et al.,* 89 S.W.3d 447 (Mo. banc 2002), the treasurer has no standing to seek to collect the funds at issue here, and to the extent that section 447.575 suggests otherwise, it violates article IV, section 15 of the Missouri Constitution. The treasurer is therefore not aggrieved by the judgment and has no standing to appeal it. For this reason, the trial court's judgment is affirmed, and the case is remanded.

## FACTUAL AND PROCEDURAL POSTURE

Julie Smith, Jackie Blackwell, Sharon Morgan and Elaine Healey ("receivers") are receivers of funds held in the registry of the Circuit Court of Cole County. The four receiverships hold monies from funds established to reimburse utility customers, telephone company customers, or insurance liquidation claim holders in four separate suits that have been pending for periods of five years or more in Cole County. While many of those with claims to some of the monies in these funds have been identified and paid by the defendants in the underlying cases or by the receivers, the underlying cases remain pending for the purpose of identifying the remaining persons to whom payment is due, so that orders may be made determining the

---

1. These funds are the same as those at issue in *Farmer v. Kinder, et al.,* 89 S.W.3d 447 (Mo. banc 2002) and *State ex inf. Nixon v. Kinder and Brown,* 89 S.W.3d 454 (Mo. banc 2002), also decided this date. A more detailed history of the funds is set out in *Farmer* and will not be repeated here except as to facts necessary to an understanding of this decision.

amounts to which they are entitled and payments may be ordered by the court.

Because it might take some time to distribute the funds to all identifiable claimants and because the funds needed to be held and administered during this period, the court in each case set up receiverships. It appointed Julie Smith, Jackie Blackwell, Sharon Morgan and Elaine Healey, respectively, as receivers pursuant to Rule 68.02 (and later appointed Ms. Healey as trustee of a trust fund set up within the receivership). It directed the receivers to administer the funds so that refunds may be made therefrom to those with claims and to apply the interest on the funds in the manner provided by section 483.310(2).[2] There is no allegation herein that the receivers have not expended the money as authorized in the respective applicable court orders.

By letter dated July 16, 2001, the attorney general informed each of the receivers that, on behalf of the state treasurer,[3] he was preparing to file a lawsuit against them because he believed that the funds constituted "unclaimed property" under chapter 447, RSMo 2000, which he believed the receivers should have turned over to the treasurer. The letter continued that the attorney general had previously informed Cole County Circuit Court Judges Byron Kinder and Thomas Brown privately and informally as to his view of their duties in regard to the funds, and by the

July 16 letters he was now making a formal "demand" on the receivers themselves, employees of the circuit court, to personally direct payment to the treasurer of the funds placed in their custody and safekeeping, stating, "If you do not turn over these funds by 5:00 p.m. on Friday, July 20, 2001, the Treasurer may assess penalties against you for failure to comply with the law. If you turn over the funds, however, the Treasurer has agreed to forgo penalties."

The receivers believed that this letter put them in an impossible position, for it ordered them to do something with the funds—turn them over to the treasurer—that they were not permitted to do under the orders of the court establishing the funds. Those orders, issued pursuant to Rule 68.02, only permitted them to pay out the money to claimants thereto, to pay expenses and costs, and to apply the interest in the manner otherwise permitted by section 483.310(2), not to dissolve the funds and pay them out to another branch of state government without the approval of the court.

To resolve these conflicting claims, the receivers each filed a motion for joinder of additional parties and for relief in an ancillary proceeding in the nature of interpleader and such other relief as might be appropriate to answer certain specific questions about how they were permitted to handle these funds. On July 20, 2001,

**2.** Although the treasurer spends much of her brief discussing what authority the four receivers would have had if they had been directed to invest interest in their capacity as circuit clerks under section 483.310(1), the circuit court's order in each case clearly directs them to take custody of the funds in their capacity as receivers appointed pursuant to Rule 68.02 and gives them authority to invest and expend the interest for the purposes set out in section 483.310(2), but subject to the supervisory authority of the circuit court. The treasurer's arguments as to what

authority a circuit clerk who was not appointed as a receiver might have are, thus, irrelevant here.

**3.** In 1984, the general assembly enacted a uniform disposition of unclaimed property act giving the director of the department of economic development authority to bring actions to recover unclaimed property. This authority was transferred by statute to the state treasurer in 1993.

Judges Brown and Kinder entered orders granting the motions to establish adverse ancillary proceedings and ordered joinder of the treasurer, the circuit clerk of Cole County and the county of Cole in each case, for the limited purpose of answering three questions posed by the receiver:

a. Whether the interest income upon the funds in this case for as long as they are held by the Receiver or under the control of the Court can be used

  (i) to pay the expenses incurred in preserving the funds, and

  (ii) to pay court-related expenses as provided in Section 483.310 ... and

  (iii) whether the remainder of the interest income monies are payable to Cole County.

b. Whether the funds in this case must be distributed now or whether they can continue to be held in the registry of the Court.

c. If it is determined that the funds can no longer continue to be held in the registry of the Court, whether the funds must be disbursed to the State Treasurer to be administered under the Missouri Uniform Disposition of Unclaimed Property Act or whether the Court can make a different disposition of the funds.

Judges Kinder and Brown thereafter recused themselves from the proceedings, and this Court appointed Judge Ward B. Stuckey to preside over the adverse ancillary proceedings.

In October 2001, the receivers each filed motions for judgment on the pleadings in their respective cases. The trial court granted judgment on the pleadings in favor of each receiver, determining that because the funds at issue are not state or federal funds, the state treasurer lacked standing to assert claims against the funds or the receivers. The court further determined that the funds are subject to disposition and disposal by the Cole County Circuit Court, pursuant to section 483.310(2), and that the balance of the interest could be paid to Cole County or otherwise distributed as allowed by law. The treasurer appeals.

On appeal, the treasurer raises procedural issues regarding the issuance of summons and service and regarding the completeness of the record at the time judgment was entered against her, as well as on the merits of the three questions asked by the receivers and on the issues ruled on by the trial court.

Respondents indicate that question (b) above is now moot, in that they agree that it would no longer serve the purposes for which the receiverships were created to continue to retain the funds in the court registry and that the monies will be divested and distributed to appropriate recipients. They do ask this Court to hold that the treasurer lacks standing to collect the funds under article IV, section 15 of the Missouri Constitution. If this Court disagrees, however, then receivers continue to ask this Court for guidance as to whom they are authorized to pay over the funds and particularly whether they are authorized to pay the funds to the treasurer as unclaimed property, and if so, whether they are only authorized to do so or whether they retain the discretion to otherwise pay out the funds in accordance with statutory and common law.

## STANDING

Until this Court determines the issue of standing, it cannot reach the other issues raised by the parties, for standing is a jurisdictional matter antecedent to the right to relief. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 227, n. 6 (Mo. banc

1982). It asks whether the persons seeking relief have a right to do so. *State ex rel. Twenty–Second Judicial Circuit v. Jones,* 823 S.W.2d 471, 475 (Mo. banc 1992). Where, as here, a question is raised about a party's standing to sue or appeal, courts have a duty to determine the question of their jurisdiction before reaching the substantive issues raised, for if a party lacks standing to bring an action, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented. *State ex rel. Ryan v. Carnahan,* 960 S.W.2d 549, 550 (Mo. App.1998); Rule 55.27(g)(3). Lack of standing cannot be waived. *Matter of Foreclosure for Delinquent Land Taxes by Action in REM,* 947 S.W.2d 90, 93 (Mo. App.1997).

■ This Court has determined the treasurer's standing in *Farmer v. Kinder, et al.,* 89 S.W.3d 447 (Mo. banc 2002). In that case, the treasurer brought suit against Judges Kinder and Brown and against the receivers, contending that section 447.575, a part of UDUPA, permitted her to enforce delivery of—that is, to collect—the funds in the four receiverships in the Cole County Circuit Court's registry. In *Farmer,* this Court determined that the state treasurer lacks constitutional authority to enforce delivery of the funds at issue under article IV, section 15 of the Missouri Constitution, which states in relevant part that, "[n]o duty shall be imposed on the state treasurer by law which is not related to the receipt, investment, custody and disbursement of state funds and funds received from the United States," and that to the extent that section 447.575 purports to give the treasurer such authority it is unconstitutional.

As the treasurer has no standing to collect the funds, her interest in the judgment below is at best remote and speculative. Such an interest is not sufficient to make the treasurer aggrieved and, therefore, is insufficient to confer on her the right to appeal the court's substantive determinations.[4] Accordingly, the treasurer has no standing to seek relief as to the funds. Yet, only the treasurer, and not the other parties below, appealed the trial court's judgment. This Court is therefore unable to reach the other issues on appeal, for the only party to raise them has no standing to do so. Accordingly, the trial court's judgment is affirmed, and the case is remanded for further proceedings.

LIMBAUGH, C.J., WHITE, BENTON and LAURA DENVIR STITH, JJ., and SMITH, HOWARD and BRECKENRIDGE, Sp. JJ., concur.

WOLFF, PRICE and TEITELMAN, JJ., not participating.

---

4. *See, e.g., Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863 (Mo. banc 1990) ("A party is 'aggrieved' within the meaning of the statute when the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence."); *Blue Cross & Blue Shield of Missouri v. Nixon,* 81 S.W.3d 546 (Mo.App.2002); *Harris v. Union Electric Co.,* 685 S.W.2d 607, 611 (Mo. App.1985).