Jason Matthew DOSS, Appellant,

v.

Cathy Laray BROWN, Respondent,

Gabrielle Leean Doss, Respondent,

State of Missouri, Department of Social Services, Family Support Division, Respondent.

No. WD 74782.

Missouri Court of Appeals, Western District.

Nov. 27, 2012.

Modified and Ordered Published Jan. 29, 2013.

Anne Kiske, Kansas City, MO, for Appellant.

Jennifer Addadi, Kansas City, MO, William Gnefkow, Jr., Independence, MO, John Reed, Lee's Summit, MO, for Respondents.

Before: JAMES EDWARD WELSH, C.J., THOMAS H. NEWTON, J., and CHARLES E. ATWELL, Sp. J.

THOMAS H. NEWTON, Presiding Judge.

Mr. Jason Matthew Doss appeals the trial court's judgment granting Ms. Cathy Laray Brown's motion to modify child custody and support and to emancipate a child, and denying her "Respondent's Motion for Declaration of Non-paternity, and to Set Aside Judgment of Child Support." We affirm.

**Factual and Procedural Background**

In 2002, the trial court dissolved the marriage between Mr. Doss and Ms. Brown. In its decree, the trial court found three minor children (a son and two daughters) were born of the marriage and granted their sole legal and physical custody to Mr. Doss. It ordered Ms. Brown to pay $439 monthly in child support, and amended the award to $280 in a subsequent modification judgment. In 2005, Mr. Doss received permission to relocate with the children from Missouri to Maryland to work at a job with a higher pay and Ms. Brown's child support obligation was reduced to $205. The court modified the legal custody to joint legal custody and awarded Ms. Brown liberal visits including summers with the children. Later, Mr. Doss remarried and moved the children and his new family from Maryland to Michigan. In May 2009, Ms. Brown attended the son's high school graduation in Michigan. After the graduation, the daughters remained in Missouri after their summer visit instead of returning home to Mr. Doss. Mr. Doss relocated with his new family to Florida, and the son later joined him.

In July 2009, Ms. Brown filed a motion to modify child custody and child support and to emancipate the son. Mr. Doss replied to the motion, requesting that the court deny her requests. A temporary order was entered on April 28, 2010; the court designated Ms. Brown's residence as the daughters' residence for mailing and educational purposes, abated Ms. Brown's child support obligation, and emancipated the son. While the case was still pending, in August 2010, Ms. Brown filed a motion for declaration of non-paternity as to one of the daughters and to set aside the judgment of child support against her under section 210.854.

In October 2011, a hearing was held during which Ms. Brown presented evidence and an appointed *guardian ad litem* (GAL) recommended that the court deny the non-paternity motion. Mr. Doss did not present any evidence because the court had stricken his pleadings and prevented him from presenting evidence as sanctions for discovery violations. At the conclusion of Ms. Brown's evidence, the trial court entered judgment. It terminated Ms. Brown's child support obligation; awarded joint physical custody of the two daughters; and awarded sole legal custody to Ms. Brown, designating her address as the daughters' residence for mailing and educational purposes; and ordered Mr. Doss to pay child support in the amount of $1001 per month. It denied Ms. Brown's motion for declaration of non-paternity. Mr. Doss appeals.

**Standard of Review**

We review the trial court's judgment modifying child custody and child support under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *See O'Connell v. Hor-*

*ton,* 313 S.W.3d 702, 705 (Mo.App. W.D. 2010). We will affirm the judgment unless it is unsupported by substantial evidence, "it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* (internal quotation marks and citation omitted).

## Legal Analysis

In his first point, Mr. Doss argues that the trial court erred in failing to grant him relief on Ms. Brown's non-paternity motion by not extinguishing any child support arrearage and keeping his name on the birth certificate of a child who is not his biological daughter in violation of section 210.854.4.[1] He claims that section 210.854.4 requires the court to "grant the relief requested in the petition for non-paternity," when it finds that a properly conducted genetic test indicates that the person is not the biological father, as it did here.

In her motion, Ms. Brown alleged that a properly conducted genetic test proved Mr. Doss was not the biological father of one of the daughters; she attached the results. She requested that the court declare Mr. Doss was not the father, remove his name from the child's birth certificate, and set aside its previous judgment of child support against her. The trial court denied the motion because it was in the best interests of the parties to maintain Mr. Doss's paternity of the child.

 We do not address this point because Ms. Brown had no standing to bring the motion under section 210.854.[2] "Standing requires that the party seeking relief has a legally cognizable interest in the subject matter and that the party has a threatened or actual injury." *Wilson v.*

*Cramer,* 317 S.W.3d 206, 209 (Mo.App. W.D.2010) (quoting *Shannon v. Hines,* 21 S.W.3d 839, 841 (Mo.App. E.D.1999)). "Thus, to have standing, the party must have some actual, justiciable interest susceptible of protection through litigation." *Shannon,* 21 S.W.3d at 841. A trial court does not have subject matter jurisdiction if a petitioner lacks standing to bring the action, which in turn prompts us to dismiss any points on appeal from that judgment. *See id.* at 842 (stating the appellate court did not need to review points on appeal of appellant-defendants because respondent-petitioner did not have standing to bring the action).

Section 210.854.1, in pertinent part, states:

> In the event of the entry of a judgment or judgments of paternity and support, whether entered in one judgment or separately, a person against whom such a judgment or judgments have been entered may file a *petition* requesting a circuit court with jurisdiction over the subject child or children to set aside said judgment or judgments in the *interests of justice* and upon the *grounds set forth in this section* .... Any such petition shall be served upon the biological mother and any other legal guardian or custodian in the same manner provided for service of process in the rules of civil procedure.

(emphasis added).

Section 210.854.4 states:

> Upon a finding that the genetic test referred to herein was properly conducted, accurate, and indicates that the person subject to the child support payment order has been excluded as the child's

---

1. Statutory references are to RSMo 2000 and the Cumulative Supplement 2009.

2. Ms. Brown did not raise this issue because she did not file a Respondent's brief. We

address our jurisdiction to review the appeal *sua sponte. See Schieber v. Schieber,* 289 S.W.3d 256, 259 (Mo.App. W.D.2009).

father, the court shall, unless it makes written findings of fact and conclusions of law that it is in the best interest of the parties not to do so:

(1) Grant relief on the petition and enter judgment setting aside the previous judgment or judgments of paternity and support, or acknowledgment of paternity under section 210.823 only as to the child or children found not to be the biological child or children of the petitioner;

(2) Extinguish any existing child support arrearage only as to the child or children found not to be the biological child or children of the petitioner; and

(3) Order the department of health and senior services to modify the child's birth certificate accordingly.

■ Inasmuch as the remedies of setting aside a judgment of paternity and/or support against a petitioner are limited to the child or children found not to be "the biological child or children of the petitioner," the statute's subject matter is the judgment of child support unjustly entered against the petitioner. It addresses the injury of putative and presumed fathers paying child support for children who are in fact not their biological children, but who could not otherwise obtain a vacation of child support orders or paternity judgments. *See Walker v. Walker*, 280 S.W.3d 634, 639–40 (Mo.App. W.D.2009) (affirming trial court's dismissal of petitioner's motion to declare non-paternity because his discovery that he was not the biological father was based on intrinsic fraud rather than extrinsic fraud and was thus barred). Consequently, Ms. Brown, who was a biological parent, did not have a legally cognizable interest under this statute to set aside the child support judgment against her. Ms. Brown had already obtained abatement of her child support obligation in a temporary order, the proper recourse for such a remedy. Thus, the trial court

erred in addressing the motion on its merits.

Accordingly, because Ms. Brown did not have standing to bring an action under section 210.854, we need not address Mr. Doss's first point. *See Shannon*, 21 S.W.3d at 842. Moreover, Mr. Doss is estopped from raising this point because the relief that he claims should have been granted was not before the trial court in that he did not request such relief and no judgment of paternity and/or support against Mr. Doss had been entered into evidence. *See Walker v. Walker*, 954 S.W.2d 425, 428 (Mo.App. E.D.1997) (declining to review an issue on appeal that had not been raised before the trial court). Accordingly, Mr. Doss's first point is denied.

■ In his second point, Mr. Doss argues that the trial court erred in striking his pleadings for failing to respond to a discovery request because he was not required to update his previously submitted discovery in that no changes in circumstances had occurred and the failure to use less drastic sanctions deprived the court of information necessary to determine the children's best interests.

Trial was set for April 12, 2010, almost a year after Ms. Brown filed a motion to modify. Ms. Brown had requested discovery from Mr. Doss in February 2010. In April 2010, Mr. Doss requested a continuance and received it over Ms. Brown's objection. Trial was then set for July 22, 2010. On April 21, 2010, Mr. Doss sent responses to "Respondent's Income & Expense Statement and Statement of Assets & Debts to Petitioner." On May 21, 2010, Ms. Brown sent responses to "Petitioner's Standard Modification Interrogatories, Income & Expense Statement, Modification Statement of Assets and Debts" and to "Petitioner's Standard Modification Request for Production of Documents and

Things." On June 2, 2010, because Mr. Doss had not returned her standard modification interrogatories and request for production of documents, although requested in a "golden rule" letter, Ms. Brown sought enforcement of discovery from the court.

On June 30, 2010, the court issued an order compelling Mr. Doss to provide the outstanding discovery within fifteen days or risk sanctions. After fifteen days had passed, Ms. Brown filed a motion for sanctions. She requested an order striking Mr. Doss's responses to her motion, preventing him from presenting a defense to her motion to modify custody and to emancipate the son, and entering a default judgment against Mr. Doss. Thereafter, three days before trial, Mr. Doss provided the requested discovery.

The trial was rescheduled for July 7, 2011. It was further continued until October 14, 2011, after a pretrial conference on May 27, 2011. The court issued a scheduling order, requiring all outstanding discovery responses to be submitted within two weeks of May 27, 2011, including any obligated updates. All other discovery was to be submitted by September 30, 2011. The order also required the parties to engage in mediation. On September 20, 2011, Ms. Brown filed another motion for sanctions because Mr. Doss did not attend the scheduled mediation and failed to update his discovery.

On October 12, 2011, the trial court agreed to Ms. Brown's requests for sanctions. It found that Mr. Doss failed to update standard modification discovery as requested by Ms. Brown on April 22, 2011; Mr. Doss "willfully failed" to attend mediation; and Mr. Doss "willfully refused" to comply with the May 27, 2011 scheduling order. It struck Mr. Doss's pleadings and prevented him from presenting any defense to Ms. Brown's motions.

Sanctions may be awarded if "a party fails to answer interrogatories or file objections thereto within the time provided by law" or "fails to produce documents and tangible things as requested under Rule 58.01." Rule 61.01(b), (d). Sanctions may include the following orders: (1) striking pleadings or parts thereof and (2) entering default judgments. Rule 61.01(b), (c). When a party fails to produce documents, the court may also enter an order "refusing to allow the disobedient party to support or oppose designated claims or defenses or prohibit the disobedient party from introducing designated matters in evidence." Rule 61.01(d)(1). The court's choice as to which sanction promotes the purpose of discovery is a matter of its discretion. *J.B.C. v. S.H.C.*, 719 S.W.2d 866, 870 (Mo.App. E.D.1986). The selection of sanctions "should depend on the nature of the information sought in relation to the proceeding, what orders will best assist the litigant seeking the information, and the benefits and disadvantages to the litigants and the court resulting from the sanction chosen." *Id.* "Any Rule 61.01 sanction in excess of that which is necessary to accomplish the purposes of discovery may be an abuse of discretion." *Id.* at 872. We will not reverse a trial court's sanctions unless they reflect an abuse of discretion. *Crimmins v. Crimmins*, 121 S.W.3d 559, 561 (Mo.App. E.D. 2003).

Mr. Doss claims that the striking of his pleadings was an abuse of discretion because he had initially responded to Ms. Brown's request for discovery less than a year before the conference date of May 27, 2011, and in the interim, no change had occurred in his circumstances. Additionally, he argues that because he had responded, Ms. Brown could not show the necessary prejudice to justify the extreme sanction of striking pleadings for failure to respond to discovery. He further argues

that the trial court "was deprived of a full hearing with presentation of all evidence necessary for a just adjudication," citing *J.B.C.*, 719 S.W.2d 866, for support.

The striking of a party's pleadings is an appropriate sanction when the party's failure to respond to pretrial discovery orders reflects a "contumacious and deliberate disregard for the trial court's authority." *Portell v. Portell*, 643 S.W.2d 18, 20 (Mo.App. E.D.1982). Mr. Doss had previously failed to complete discovery and only complied after a motion for sanctions was filed. The questions in the interrogatories concerning his income and other matters related to the child support issue were answered, "unknown," "will supplement," "none at present time," and "pending." Mr. Doss thus should have updated those answers that he provided in July 2010, seeing how several of the issues with those uncertain responses more than likely had changed a year later. Mr. Doss thus showed a deliberate disregard for the court by failing to amend his answers within two weeks from the order, despite the trial court's mandate, and then his failing to submit the updates by the closing date for discovery and after the motion for sanctions had been filed. He also refused to attend mediation despite the trial court's order and did not obey orders concerning the GAL.

Because Mr. Doss's actions constituted a deliberate disregard for the court's authority, we cannot conclude that the trial court abused its discretion. Moreover, the issue before the court was modification of child custody and support rather than a dissolution case, so the concerns presented in *J.B.C.* and other cases, in which the trial court prevented itself from fulfilling its statutory duties, were not at issue here. Thus, Mr. Doss's reliance on that case is misplaced. Ms. Brown's evidence allowed the trial court to fulfill its statutory duties as to the modifications and emancipation. Consequently, Mr. Doss's second point is denied.

In his third point, Mr. Doss argues that the trial court erred in the computation of the child support award pursuant to Form 14 because the trial court did not have any evidence to support imputing $5,000 as Mr. Doss's monthly income.

Ms. Brown reported Mr. Doss's income to be $6,278 on the Form 14 submitted to the court. She testified that she "imputed" that income to Mr. Doss because that amount reflected what he was capable of making. Ms. Brown stated that $6,278 was the amount that Mr. Doss made working as a border patrol officer in 2009 when he lived in Michigan before he quit his job and moved to Florida. She stated that she did not know if he had a job in Florida and that he failed to submit income information during discovery. She explained that he was a military service man at the "E–6" level. He had worked as a Secret Service Agent in Maryland before moving to Michigan to become a border patrol officer for Canada. The court took judicial notice of the past modification judgment that allowed father to move to Maryland to significantly increase his then current income of $3,500.[3] In its judgment, the trial court imputed income of $5,000 a month to Mr. Doss, stating that the amount was based on Mr. Doss's 2009 Income Tax Return reporting annual earnings of $83,409.

In stating that the entire amount of his income was imputed to Mr. Doss, the trial court implicitly found that Mr. Doss was unemployed. *Nelson v. Nelson*, 195 S.W.3d 502, 511 (Mo.App. W.D.

---

**3.** The attorney for the Department of Social Services asked the court to take judicial notice of the past modification judgment.

2006) (stating the trial court implicitly found parent was unemployed by "imputing" the entire amount of the parent's income).[4] The trial court has discretion to impute income to an unemployed parent. *Burton v. Donahue*, 69 S.W.3d 76, 79 (Mo. App. E.D.2001). In doing so, the court must consider the relevant factors:

> (1) The parent's probable earnings based on the parent's work history during the three years, or such time period as may be appropriate, immediately before the beginning of the proceeding and during any other relevant time periods; (2) The parent's occupational qualifications; (3) The parent's employment potential; (4) The available job opportunities in the community; and (5) Whether the parent is custodian of a child whose condition or circumstances make it appropriate that the parent not be required to seek employment outside the home.

*Monnig v. Monnig*, 53 S.W.3d 241, 245 (Mo.App. W.D.2001). The record must support the amount imputed and the parent's capacity to earn that amount. *See id.* at 246; *see also Cross v. Cross*, 318 S.W.3d 187, 194 (Mo.App. W.D.2010). We will not disturb a child support award unless the evidence is palpably insufficient to support it. *Cross*, 318 S.W.3d at 194.

Mr. Doss argues that there was no evidence that he intentionally intended to evade his support obligation. We disagree. The record showed that he quit his job and moved to Florida with his new family. He did not provide income information on the interrogatories, and he deliberately disregarded the court orders. In viewing this evidence in the light most favorable to the judgment, the record supports a finding that Mr. Doss voluntarily quit his job and that he was avoiding paying for his older children at the expense of his new family.

Mr. Doss next argues that the record does not support a finding that he earned $83,409 in 2009 because the amount represented his and his wife's incomes and the tax return was not admitted into evidence. Mr. Doss further argues that the evidence "in the record as a whole would indicate that [his] income has *never* exceeded $3,500–3,600 per month." We agree that the joint income tax return, expressly relied on by the trial court, cannot substantiate the imputed amount.[5] However, we examine the record to determine if the evidence otherwise supports an imputation of $5,000 of income to Mr. Doss because the issue before us is whether the evidence supports a finding that the parent has the potential to earn the imputed amount. *See Cross*, 318 S.W.3d at 194.

Mr. Doss claims that Ms. Brown's testimony of his earnings as a border patrol officer in 2009 does not support a finding that the imputation reflected Mr. Doss's current earning capacity. Generally, proof that a parent earned more income in the past is not a sufficient basis for the court to impute an amount reflecting such earnings. *Buchholz v. Buchholz*, 166 S.W.3d 146, 153 (Mo.App. S.D.2005); *Baker v. Baker*, 60 S.W.3d 19, 24 (Mo.App. E.D.2001). However, "past earnings history is indicative of present earning capacity." *Pearcy v. Pearcy*, 193 S.W.3d 844 (Mo.App. S.D.2006) (internal quotation marks and citation omitted). In fact, "[i]n determining probable earnings, the trial

---

4. An express finding that the parent is unemployed is not required. *Cross v. Cross*, 318 S.W.3d 187, 191 n. 3 (Mo.App. W.D.2010).

5. The transcript does not mention Mr. Doss's income tax returns and the only copies of the returns were found in Mr. Doss's pleadings, which were stricken. Stricken evidence cannot be considered by the court. *See Cosby v. Cosby*, 202 S.W.3d 717, 722 (Mo.App. E.D. 2006).

court may rely on any time period as may be appropriate under the circumstances." *Cross*, 318 S.W.3d at 192. Contrary to Mr. Doss's contention, the trial court could consider this amount in determining the amount to impute to him. Past court documents, including those submitted by Mr. Doss for previous modification motions, show Mr. Doss earning around $3,500–$3,600 in 2002 to 2005; he then received permission to relocate to earn a higher income in 2005; and, as noted, $6,278 was offered as the evidence of his past recent monthly income. As $5,000 is in the range of his past earnings, we do not find the trial court erred in determining this amount reflects an income that he is capable of earning.

Finally, Mr. Doss claims that had his pleadings not been stricken, the court would have known that he was a disabled veteran with limited employment opportunities and had two young children possibly requiring him to remain at home. The fact that this evidence was not presented and deprived the court of facts to consider under the factors in Comment H was caused by Mr. Doss's inappropriate behavior during discovery. The court considered those factors raised by the evidence presented. Consequently, the record is not palpably insufficient to support the trial court's imputation of income of $5,000 per month. Mr. Doss's third point is denied.

## Conclusion

For the foregoing reasons, we affirm.

WELSH, C.J., and ATWELL, Sp. J. concur.