

# Missouri Court of Appeals
### Southern District
### Division Two

REJA LYNN COOPER,                       )
n/k/a REJA LYNN SPAENY,                 )
                                        )
     Petitioner-Appellant,             )
                                        )
vs.                                     )       No. 32236
                                        )
RONALD FRANCIS COOPER,                  )       **Filed:  March 14, 2014**
                                        )
     Respondent-Respondent.            )

### APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

#### Honorable Dennis D. Reaves, Associate Circuit Judge

### <u>AFFIRMED</u>

Reja Lynn Cooper n/k/a Reja Lynn Spaeny ("Mother") appeals the dismissal of her petition under Section 210.854.[1]  In that petition, Mother named Ronald Francis Cooper ("Father") as defendant and sought a declaration of non-paternity.  On appeal, Mother argues the trial court misinterpreted Section 210.854 when it found a paternity judgment had not been entered against her and dismissed the case.  We disagree and affirm the trial court's judgment.

### <u>Standard of Review</u>

"This Court reviews a trial court's grant of a motion to dismiss de novo."

***Devitre v. Orthopedic Center of St. Louis, LLC***, 349 S.W.3d 327, 331 (Mo.

---

[1] All statutory references are to RSMo Cum. Supp. (2013).

banc 2011). The petition is reviewed "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Id.* (quoting ***City of Lake Saint Louis v. City of O'Fallon***, 324 S.W.3d 756, 759 (Mo. banc 2010)).

## Factual and Procedural Background

In 1997, Mother filed a petition in Cedar County seeking dissolution of her marriage to Father. The case was tried on April 30, 1998, and Mother failed to appear at the hearing. At the hearing, Father testified there were three children born of the marriage in 1992, 1994, and 1996. The trial court had some questions for Father because the last names listed on the birth certificates of the two youngest children were not the same as Father's. Father testified all three children were born during the marriage, and he was the father of the children. The trial court granted the dissolution, found all three children were the children of Father and Mother, awarded custody of the children to Father, and ordered Mother to pay child support.

Mother filed a motion to set aside the judgment. That motion was later amended, and one of the grounds alleged in the amended motion was that Father was not the biological father of the two youngest children. The motion further alleged a man named John Martin was the biological father of the two youngest children. The amended motion to set aside the judgment was overruled after a hearing and the presentation of evidence.

Mother appealed. The judgment was affirmed in an unpublished memorandum decision.

In 1999, Mother obtained DNA testing involving herself and the two oldest children. The results stated that while the oldest child and the middle child were not excluded as biological siblings, the likelihood that they did "not share the same biological mother and father is 96.97%."

In 2000, Mother filed a "Petition for the Determination of the Non-Existence of Paternity" in Christian County. She again alleged John Martin was the biological father of the two youngest children. That petition was dismissed on the grounds that the issue was barred by the judgment in the Cedar County dissolution action under the doctrine of *res judicata*.

In 2003, Mother filed a petition in Greene County seeking paternity testing. Once more, she alleged Father was not the biological father of the two youngest children. This time, however, she alleged the youngest child's natural father was Oscar Fittipaldi ("Fittipaldi") and the middle child's natural father was Jimmy Townsley ("Townsley"). Father filed a motion to dismiss. After a guardian ad litem was appointed, the trial court denied Father's motion to dismiss and ordered paternity testing.[2]

Father subsequently filed a motion to have the case consolidated with the Cedar County dissolution case. After hearing argument on the issue, the trial court granted the motion to consolidate the two cases. In the findings accompanying the order, the trial court noted the children had been living with Father for the past three years and that any judgment addressing the issues Mother raised would conflict with the Cedar County dissolution decree. The case

---

[2] The results of that paternity test do not appear in the legal file or the transcript.

was transferred to Cedar County. The case was subsequently dismissed for failure to prosecute in 2006.

The present action began on December 23, 2011, when Mother filed a petition to set aside entry of judgment of paternity and support in Cedar County. Mother cited Section 210.854 as authority for her cause of action. Mother again alleged Father was not the biological father of the two youngest children. She requested among other things that the trial court extinguish any child support arrearages she owed with respect to those children. Father was permitted to file a response out of time. Father later filed a motion to dismiss for failure to state a claim, arguing (1) the claim was barred by the doctrine of *res judicata*, (2) Mother had no standing, and (3) the claim was barred by the doctrine of laches.

The trial court granted the motion to dismiss on June 20, 2012. In its written judgment, the trial court specifically stated "the plain language of the statute provides a remedy only to the person against whom a judgment of paternity and child support has been entered and allows the court to set aside the previous judgment 'only as to the child or children found not to be the biological child or children of the petitioner.'" The trial court concluded Mother was "not entitled to seek relief from her child support obligation under this statutory provision."

Mother appeals.

## Discussion

In her sole point on appeal, Mother argues the trial court erred in dismissing Mother's petition because its finding that a judgment of paternity had

4

not been entered against Mother was incorrect.[3]  Mother claims the dissolution judgment operated as a paternity judgment because it determined the paternity of the children and awarded Father custody and child support.  This argument misses the mark.  The essence of the trial court's decision was not based on the nature of the judgment in the Cedar County dissolution case; rather, the essence of the trial court's decision was based on the principle that Mother was unable to proceed under Section 210.854 since she was not contesting the fact that she was a biological parent of the children and that the remedies granted under the statute simply did not apply to her.

As Mother's claim is based on Section 210.854, resolution of her point on appeal requires examination of the language of the statute.  "We approach the task of statutory interpretation mindful that it is the function of the courts to construe and apply the law and not to make it." ***Renner v. Director of Revenue***, 288 S.W.3d 763, 765 (Mo. App. E.D. 2009) (quoting ***State v. Meggs***, 950 S.W.2d 608, 610 (Mo. App. S.D. 1997)).  "In interpreting statutes our primary goal is to determine and further the intent of the legislature." ***Id.***

---

[3] Mother also argues that if the statute does not provide the remedy she seeks, it is unconstitutional because it violates equal protection in that it provides a remedy to fathers but not to mothers.  This argument is not preserved because it was not raised at the earliest opportunity.  Generally speaking the Supreme Court of Missouri has exclusive jurisdiction of claims challenging the constitutionality of a statute.  Mo. Const. Art. 5, § 3.  "However, their jurisdiction will not be exercised unless the claim of unconstitutionality was raised at the earliest opportunity, and properly preserved." ***Bauldin v. Barton County Mut. Ins. Co.***, 666 S.W.2d 948, 951 (Mo. App. S.D. 1984). *See also* ***Hollis v. Blevins***, 926 S.W.2d 683, 684 (Mo. banc 1996).  "To properly preserve a constitutional issue for appellate review, the issue must be raised at the earliest opportunity and preserved at each step of the judicial process." ***S.A.S. v. B.P.***, 314 S.W.3d 348, 352 (Mo. App. E.D. 2010).  Typically, when the constitutional claim is raised by the petitioner, the earliest opportunity to raise a constitutional claim is in the petition. *See, e.g.*, ***Bromwell v. Nixon***, 361 S.W.3d 393, 400 (Mo. banc 2012); ***Willits v. Peabody Coal Co., LLC***, 400 S.W.3d 442, 450 (Mo. App. E.D. 2013); ***Shipley v. Cates***, 200 S.W.3d 529, 534 n.5 (Mo. banc 2006).  In the present case, Mother did not raise her constitutional argument in her petition.  In fact, Mother did not raise the argument until her motion to reconsider, that is, after the trial court had already made its initial determination to dismiss her petition.  Mother's constitutional argument was not raised at the earliest opportunity, so we decline to address it.

"We derive our interpretation from the plain and ordinary language of the statute." *Id.* "If the provisions of a statute are express and unambiguous, the court is not at liberty to construe the language . . . because the court functions to enforce the law as it is written." ***State ex rel. State, Dept. of Social Services, Family Support Div. v. Campbell***, 386 S.W.3d 229, 231 (Mo. App. W.D. 2012) (quoting ***State ex rel. Igoe v. Bradford***, 611 S.W.2d 343, 349 W.D. 1980)). Furthermore, "we are not guided only by an isolated sentence, but instead we look to the provisions of the whole law and its object and policy." ***Renner***, 288 S.W.3d at 766.

With these principles in mind, we turn to the statutory language. Prior to 2009, no remedy existed to relieve a person from child support obligations where that person (1) had been adjudicated to be the father of a child and (2) later found out he was not the biological father of that child or wanted to contest his paternity of the child. *See, e.g.*, ***State ex rel. Sanders v. Sauer***, 183 S.W.3d 238, 240 (Mo. banc 2006) (holding the trial court could not order DNA testing to determine biological paternity in a criminal non-support case where a default judgment of paternity was the basis for the underlying child support order); ***Walker v. Walker***, 280 S.W.3d 634, 637-38 (Mo. App. W.D. 2009) (affirming the dismissal of a motion for declaration of non-paternity because the father's allegation that the mother lied during the dissolution action was a claim of intrinsic rather than extrinsic fraud); ***Miller v. Hubbert***, 804 S.W.2d 819, 821 (Mo. App. E.D. 1991) (holding in the context of a motion to modify child support that the father's claim the children were not his biological children was barred by the doctrine of *res judicata*). In response, the legislature enacted Section

6

210.854 in 2009. *See **Campbell***, 386 S.W.3d at 230. Section 210.854 "creates a right to set aside an otherwise final, non-appealable judgment determining paternity and to unwind the financial and criminal ramifications of non-support resulting from the judgment." ***Campbell***, 386 S.W.3d at 230.

The text of Section 210.854 provides in pertinent part that:

1. In the event of the entry of a judgment or judgments of paternity and support, whether entered in one judgment or separately, a person against whom such a judgment or judgments have been entered may file a petition requesting a circuit court with jurisdiction over the subject child or children to set aside said judgment or judgments in the interests of justice and upon the grounds set forth in this section.

. . .

4. Upon a finding that the genetic test referred to herein was properly conducted, accurate, and indicates that the person subject to the child support payment has been excluded as the child's father, the court shall, unless it makes written findings of fact and conclusions of law that it is in the best interest of the parties not to do so:

    (1) Grant relief on the petition and enter judgment setting aside the previous judgment or judgments of paternity and support, or acknowledgement of paternity under [S]ection 210.823 *only as to the child or children found **not** to be the biological child or children of the **petitioner***;

    (2) Extinguish any existing child support arrearage *only as to the child or children found **not** to be the biological child or children of the **petitioner***; and

    (3) Order the department of health and senior services to modify the child's birth certificate accordingly.

§ 210.854 (emphasis added). Under the plain language of the statute, then, the trial court may order relief only if the children are found **not** to be the biological children of the **petitioner**.

7

In this case, Mother, the **petitioner**, did not allege the two youngest children were **not** her biological children. Consequently, there is no authority in the statute to grant the relief she requests. *See **Doss v. Brown***, --- S.W.3d ----, No. WD74782, Slip op. at 5 (Mo. App. W.D. Jan. 29, 2013) (noting the statute provides a remedy for people "paying child support for children *who are in fact not their biological children*, but who could not otherwise obtain a vacation of child support orders or paternity judgments.") (emphasis added).

Mother's sole point is denied.

### Attorney Fees

One further matter requires our attention. Prior to submission of the case, Father filed a motion for attorney fees associated with this appeal. With few exceptions not applicable here, the general rule in Missouri is that each litigant must pay his or her own attorney fees and expenses. ***Goines v. Missouri Dept. of Social Services, Family Support and Children's Div.***, 364 S.W.3d 684, 687 (Mo. App. W.D. 2012). Father's motion is denied.

### Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

JEFFREY W. BATES, P.J. - CONCURS

GARY W. LYNCH, J. - CONCURS

8