James **GWYN**, Respondent,

v.

Lisa **SUMMERS**, Appellant.

WD 79565

Missouri Court of Appeals, Western District.

OPINION FILED: March 21, 2017

Howard Lotven, Kansas City, MO, for Appellant.

Sarah Recker, Parkville, MO, for Respondent.

Before Division One: James Edward Welsh, P.J., Anthony Rex Gabbert, and Edward R. Ardini, Jr., JJ.

James Edward Welsh, Presiding Judge

Lisa Summers ("Mother") appeals the circuit court's judgment granting James Gwyn's ("Father's") motion to dismiss her petition to set aside an earlier judgment which established Father's paternity of the couple's two children. We affirm.

## Background

Mother and Father raised their two children together in one household until the parties separated. Thereafter, the children have resided with Father. On December 28, 2011, Father filed a "Petition for Declaration of Paternity, Child Support, Custody and Visitation." Father alleged in his petition that he is the biological father of the two children. In Mother's answer and counter-petition, she also alleged that Father is the children's biological father. Throughout the original litigation, neither party questioned Father's paternity as to the children. No scientific paternity tests were performed because the parties, by their pleadings, deemed it unnecessary.

On December 24, 2012, the circuit court issued an "Amended Judgment Decree of Paternity, Custody and Child Support," in which it adjudged and decreed that Father is the biological and natural father of the parties' two minor children. The judgment awarded the parents joint physical and joint legal custody, established a parenting plan under which Father's home was designated as the children's mailing address for educational purposes, and ordered Mother to pay $296 per month in child support.

In September 2014, Mother filed a "Petition to Set Aside Judgment Pursuant to Section 210.854 RSMo"[1] seeking to set aside the 2012 Judgment. Mother claimed in her petition that the children were not the biological children of Father, and she asked the court to order paternity testing, declare that Father is not the children's father, and extinguish all current and past

---

1. Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement.

due child support arrearages assessed against her.

Father responded by filing a motion to dismiss Mother's petition on the basis that Mother lacked standing under section 210.854 to challenge his paternity because the statute provides a cause of action only to a parent who is challenging their *own* parental relationship with the child.

The circuit court heard arguments on Father's motion to dismiss, and the hearing was continued for additional briefing. At the conclusion of the reconvened hearing, the court orally granted Father's motion to dismiss stating that the statute's purpose is to "get relief for a party paying support for children [who are] not theirs." The court later entered a written judgment dismissing Mother's petition.

## Discussion

█ In her sole point on appeal, Mother contends that the circuit court erred in dismissing her petition to set aside the earlier judgment pursuant to section 210.854, "because section 210.854 is not gender specific in that a correct statutory interpretation of the statute allows either party who is paying child support to challenge paternity."

█ Our review of the trial court's grant of a motion to dismiss is a question of law which we review *de novo*. *City of Lake Saint Louis v. City of O'Fallon*, 324

S.W.3d 756, 759 (Mo. banc 2010); *Thomas v. Denney*, 453 S.W.3d 325, 329 (Mo. App. 2014). In assessing the propriety of a dismissal, we review the grounds raised in the motion to dismiss. *In re Estate of Austin*, 389 S.W.3d 168, 171 (Mo. banc 2013). "If the motion to dismiss should have been sustained on any meritorious ground alleged in the motion, the ruling of the trial court will be affirmed." *Farm Bureau Town & Country Ins. Co. of Mo. v. Angoff*, 909 S.W.2d 348, 351 (Mo. banc 1995).

According to Mother, section 210.854 presents a conflict by using both gender neutral and gender specific language. She asserts that the "proper statutory interpretation" of section 210.854, is that it is "gender neutral," and that "any person whom [sic] has a judgment rendered against them, *i.e.*, a finding of paternity and issuance of a judgment of child support, should have the standing to file a challenge to the paternity finding under the law."[2] We disagree.

In 2009, the Missouri legislature enacted section 210.854. *State ex rel. State, Dept. of Soc. Serv., Family Support Div. v. Campbell*, 386 S.W.3d 229, 230 (Mo. App. 2012). "It creates a right to seek to set aside an otherwise final, non-appealable judgment determining paternity and to unwind the financial and criminal ramifications of non-support resulting from the judgment."[3] *Id.*

---

2. Despite Mother's claims, an action to determine paternity is, by its very nature, gender specific, in that, biologically, only women can bear children. This, presumably, is why the statute explicitly refers to "paternity." "Paternity" is defined as "[t]he state or condition of being a father, esp. a biological one; fatherhood." BLACK'S LAW DICTIONARY, 7th ed., p. 1148 (1999). As Father points out in his brief, "with today's scientific advancements it is possible that a woman could give birth to children that are not biologically her own, or a child could be accidentally switched in the hospital." Presumably, under such circum-

stances, the statute would permit a woman to challenge a judgment that finds her to be a parent when she is not actually a parent. That is not the situation we face here.

3. The text of section 210.854 provides in pertinent part:

1. In the event of the entry of a judgment or judgments of paternity and support, ... a person against whom such a judgment or judgments have been entered may file a petition requesting a circuit court with jurisdiction over the subject child or children

Subsection .1 provides that a person against whom a judgment of paternity was entered may file a petition to set aside the judgment "in the interests of justice and upon the grounds set forth in this section" within two years of the judgment. § 210.854.1. The petition must be served upon the biological mother. *Id.* The "grounds set forth" are (1) evidence that was not considered before the entry of judgment, and (2) genetic test results that exclude the putative father as the biological father or a request for genetic testing. § 210.854.2. Here, Mother alleged that, due to conversations with another man, she "believes that the minor children are his children and not the children of [Father]" and she asked the court to order DNA genetic testing. *See* § 210.854.2.

Where DNA testing is requested, the court must conduct an evidentiary hearing

to set aside said judgment or judgments in the interests of justice and upon the grounds set forth in this section. . . . . [T]he petition shall be filed within two years of the entry of the original judgment of paternity and support. . . . Any such petition shall be served upon the biological mother and any other legal guardian or custodian in the same manner provided for service of process in the rules of civil procedure. The child or children shall be made a party and shall have a guardian ad litem appointed. . . .

2. The petition shall include an affidavit executed by the petitioner alleging that evidence exists which was not considered before entry of judgment and either:

(1) An allegation that genetic testing was conducted within ninety days prior to the filing of such petition using DNA methodology to determine the probability or improbability of paternity [with results attached, which] indicate that a person subject to the child support payment order has been excluded as the child's father; or

(2) A request to the court for an order of genetic paternity testing using DNA methodology.

3. The court, after a hearing wherein all interested parties have been given an op-

to determine whether "probable cause [exists] to believe said testing may result in a determination of nonpaternity." § 210.854.3. Thereafter, if the court finds such probable cause, it "shall order the relevant parties to submit to genetic paternity testing." *Id.* If the tests exclude the petitioner as a biological parent, the court can set aside the paternity judgment, terminate current child support obligations, and extinguish any child support arrearage. § 210.854.4. Specifically, subsection .4 provides, in relevant part:

4. Upon a finding that the genetic test . . . indicates that the person subject to the child support payment has been excluded as the child's father, the court shall, unless it makes written findings of fact and conclusions of law that it is in the best interest of the parties not to do so:

portunity to present evidence and be heard, and upon a finding of probable cause to believe said testing may result in a determination of nonpaternity, shall order the relevant parties to submit to genetic paternity testing. The genetic paternity testing costs shall be paid by the petitioner.

4. Upon a finding that the genetic test referred to herein was properly conducted, accurate, and indicates that the person subject to the child support payment order has been excluded as the child's father, the court shall, unless it makes written findings of fact and conclusions of law that it is in the best interest of the parties not to do so:

(1) Grant relief on the petition and enter judgment setting aside the previous judgment . . . of paternity and support . . . only as to the child or children found not to be the biological child or children of the petitioner;

(2) Extinguish any existing child support arrearage only as to the child or children found not to be the biological child or children of the petitioner; and

(3) Order the department of health and senior services to modify the child's birth certificate accordingly.

. . . .

(1) Grant relief on the petition and enter judgment setting aside the previous judgment . . . of paternity and support . . . only *as to the child or children found not to be the biological child or children of the petitioner*;

(2) Extinguish any existing child support arrearage only *as to the child or children found not to be the biological child or children of the petitioner*; and

(3) Order the [modification of] the child's birth certificate accordingly.

Pursuant to the *plain language* of section 210.854, it does not provide an avenue of relief to a petitioner who is not questioning their own parental relationship with the child. *See Soward v. Mahan*, 926 S.W.2d 138, 142 (Mo. App. 1996) ("The primary rule of statutory construction requires courts to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute."). Here, the legislature's clear intent was to provide an avenue to set aside a paternity judgment against a person who is not a parent of the child and to free that person from the consequences of such a judgment, *e.g.*, child support and potential imprisonment for failure to pay. *See Campbell*, 386 S.W.3d at 230. Thus, in order to invoke the statute, the *petitioner* must be challenging the parental relationship between *petitioner* and child.

The Southern District addressed this very issue in *Cooper v. Cooper*, 445 S.W.3d 589 (Mo. App. 2014). There, the mother sought to set aside a judgment of paternity and support pursuant to section 210.854. *Id.* at 591–92. She claimed that the alleged father was not the children's biological father and asked the court to "extinguish any child support arrearages she owed with respect to [the] children." *Id.* at 591. The trial court granted the father's motion

to dismiss, in which he argued that "Mother had no standing" under the statute. *Id.* The appellate court noted that "the trial court's decision was based on the principle that Mother was unable to proceed under Section 210.854 since she was not contesting the fact that she was a biological parent of the children and that the remedies granted under the statute simply did not apply to her." *Id.* at 592.

In assessing the propriety of the dismissal, the *Cooper* Court noted that the legislature enacted section 210.854 to institute a remedy "to relieve a person from child support obligations where that person (1) had been adjudicated to be the father of a child and (2) later found out he was not the biological father of that child or wanted to contest his paternity of the child." *Id.* The Court concluded, based on the plain language of the statute, that "the trial court may order relief only if the children are found **not** to be the biological children of the **petitioner**." *Id.* at 593. The Court noted that the "**petitioner**" in *Cooper* (the mother) "did not allege the . . . children were **not** her biological children. Consequently, there is no authority in the statute to grant the relief she requests." *Id. See also Doss v. Brown*, 419 S.W.3d 784, 788 (Mo. App. 2012) (noting that the statute provides a remedy for people "paying child support for children who are in fact not their biological children," and, thus, biological mother "did not have a legally cognizable interest" under the statute to set aside child support judgment against her).

Here, as in *Cooper* and *Doss*, Mother does not assert that she is not the biological parent of these children; rather, she asserts that Father is not the children's biological parent. As stated in *Cooper*, the statute provides relief only if the children are found *not* to be the biological children of the *petitioner*. 445 S.W.3d at 593. Thus,

Mother cannot proceed under section 210.854, as "the remedies granted under the statute simply do not apply to her." *Id.* at 592.

Mother's attempt to invoke this statute to free herself from paying child support on the theory that Father is not the biological father (and, thus, not entitled to receive the support payments) is misplaced. It is axiomatic that child support is for the benefit of the children. *See Mora v. Mora,* 861 S.W.2d 226, 229 (Mo. App. 1993). As the biological parent, Mother has a duty to financially support the children regardless of who is entitled to receive the support.

´Based on the foregoing, the circuit court did not err in granting Father's motion to dismiss.[4] Consequently, we affirm the circuit court's judgment.

All concur.

---

**4.** In the argument portion of her brief, Mother claims that "the interpretation of this statute as to apply only to the natural father [violates] the equal protection laws of the United States of America and the State of Missouri." We note first that Mother does not raise this claim in her point relied on. Issues raised only in the argument but not included in the point relied on are not preserved for our review. *Day ex rel. Finnern v. Day,* 256 S.W.3d 600, 602 (Mo. App. 2008). Mother also failed to preserve this constitutional claim by not raising the issue at the earliest possible opportunity and at each step of the judicial process. *See State ex rel. Tompras v. Bd. of Election Comm'rs of St. Louis Cty,* 136 S.W.3d 65, 66 (Mo. banc 2004); *Cooper,* 445 S.W.3d at 591 n.3. She first raised it in her supplemental suggestions in opposition to the motion to dismiss. Mother's constitutional argument has not been preserved; thus, we decline to address it.