

# In the Missouri Court of Appeals
## Eastern District
**DIVISION ONE**

| | | |
|---|---|---|
| C.M.G., , | ) | |
| | ) | |
| Petitioner/Appellant, | ) | No. ED112716 |
| | ) | |
| vs. | ) | |
| | ) | Appeal from the Circuit Court |
| B.M.C., | ) | of Jefferson County |
| | ) | No. 23JE-DR00777 |
| Respondent/Respondent, | ) | |
| | ) | |
| O.R.C., | ) | Honorable Shannon R. Dougherty |
| | ) | |
| Minor, | ) | |
| | ) | Filed: February 25, 2025 |
| and | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
| DEPT. OF SOCIAL SERVICES, | ) | |
| FAMILY SUPPORT DIVISION, | ) | |
| | ) | |
| Respondent/Respondent. | ) | |

Petitioner, C.M.G., appeals the judgment of the Circuit Court of Jefferson County dismissing his petition for a declaration of non-paternity and other relief for failure to state a claim upon which relief may be granted. Petitioner challenged his acknowledgment of paternity and the resulting judgment of paternity and support based on material mistake of fact. Because Petitioner has failed to set forth any set of facts that, if proved, would entitle him to relief, we affirm the trial court's judgment dismissing the petition.

<u>Factual and Procedural Background</u>

Mother, B.M.C., gave birth to the minor child on June 15, 2018. Mother was pregnant when she met Petitioner, and at that time, she told him the name of another man whom she stated was the biological father of her unborn child. Thus, Petitioner knew that Mother was pregnant by another man before he and Mother began dating and before they engaged in sexual intercourse with one another. Knowing these facts at the time, Petitioner and Mother signed an affidavit acknowledging paternity of the child, pursuant to section 210.823 RSMo. (2016), naming Petitioner as the father.[1,2] Mother and Petitioner ended their relationship when the child was 13 months old.

On April 18, 2021, the Missouri Department of Social Services, Family Support Division ("the Division") served Petitioner with a notice and finding of financial responsibility. Petitioner did not set forth objections and did not request a hearing within the time frame allowed by law, and thus was in default. On September 29, 2021, the Division issued a default administrative order regarding support of the child. The Division found Petitioner to be the child's presumed or legal father pursuant to section 210.823 because he had signed an affidavit acknowledging paternity, and the Division determined that Petitioner owed a duty of support to the child. The Division ordered Petitioner to pay $355 per month in child support beginning in May 2021, and entered further medical support orders against Petitioner. The Division filed the administrative order in the Circuit Court of Jefferson County on October 13, 2021. Petitioner did not seek judicial review of the Division's administrative order.

---

[1] The record is silent regarding the date Petitioner signed the affidavit acknowledging paternity. However, we can infer that he signed the affidavit sometime between the child's birth on June 15, 2018 and the date of the Division's administrative order issued September 29, 2021.

[2] All statutory references are to RSMo. (2016).

On October 12, 2023, Petitioner filed a petition in the trial court pursuant to section 210.854. Petitioner asked the court to: (1) declare that he is not the father of the child; (2) set aside the 2021 judgment of paternity and support; (3) set aside his acknowledgment of paternity of the child made pursuant to section 210.823; (4) extinguish the child support arrearage as to the child; and (5) direct the State's Bureau of Vital Records to modify the child's birth certificate. Petitioner alleged evidence exists which was not considered before the entry of judgment, and requested a court order for genetic paternity testing. He challenged the acknowledgment of paternity and resulting judgment of paternity and support on the basis of material mistake of fact, alleging, *inter alia*, that the following evidence was not considered: (1) Mother told him when she was pregnant that another man was the child's biological father; and (2) Mother was pregnant with the child before she and Petitioner dated or had sexual intercourse.

The Division filed a motion to dismiss the petition on the bases that the petition was untimely filed, and that it failed to state a claim upon which relief may be granted.[3] The trial court granted the Division's motion, finding the petition failed to state a claim upon which relief may be granted.[4] Petitioner filed a motion to reconsider, which the court also denied. This appeal follows.

## Discussion

In two points on appeal, Petitioner challenges the trial court's dismissal of his petition for failure to state a claim upon which relief may be granted. Petitioner contends the court misapplied and misinterpreted section 210.854.

---

[3] Petitioner also filed a motion for genetic testing, and the hearing on Petitioner's motion was set for the same time as the hearing on the Division's motion to dismiss. Petitioner agreed on the record that the Division's motion to dismiss should be addressed before Petitioner's motion for genetic testing.

[4] The trial court found the petition was timely filed. Neither party briefs this issue, and it is not necessary for our disposition of the case. Thus, we do not address the timeliness question.

3

This Court reviews motions to dismiss *de novo*. *Truong v. Truong*, 564 S.W.3d 761, 764 (Mo. App. E.D. 2018). "A motion to dismiss for failure to state a claim is solely a test of the adequacy of a plaintiff's petition." *Id*. (quoting *Smith v. Humane Society of the United States*, 519 S.W.3d 789, 797 (Mo. banc 2017)). "We examine the pleadings to determine whether they invoke principles of substantive law." *Walker v. Walker*, 280 S.W.3d 634, 636 (Mo. App. W.D. 2009). We treat the facts stated in the petition as true, and construe the facts liberally in favor of the plaintiff. *Truong*, 564 S.W.3d at 764. We do not weigh the credibility or persuasiveness of the facts alleged. *Id*. Instead, we review the petition in an almost academic manner to determine whether the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. *Id*. We will reverse dismissal only when the petition sets forth any set of facts that, if proved, would entitle the plaintiff to relief. *Id*.

*Points I and II*

In his first point on appeal, Petitioner contends:

> The trial court erred in granting [the Division's] Motion to Dismiss Legal Father's Non-Paternity Petition for failure to state a claim upon which relief may be granted because the court misapplied §210.854 in interpreting §210.854 to prevent a petitioner from satisfying §210.854's requirement that the petition's affidavit contain an allegation that evidence exists which was not considered before entry of judgment where the person challenging his paternity had knowledge of his non-paternity when he acknowledged his paternity of minor child by affidavit in that §210.854 merely states that the (sic) "the petition shall include an affidavit executed by the petitioner alleging that evidence exists which was not considered before entry of judgment" and prior interpretation of §210.854 has found that the legislature enacted §210.854 to relieve a legal father from child support obligations where that person had been adjudicated to be the father of the child and later found out he was not the biological father of the child or wanted to contest his paternity of the child, which Legal Father satisfied as he was determined to be the father of minor child and is desiring to contest his paternity of minor child.

In his second point, Petitioner contends:

The trial court erred in granting [the Division's] Motion to Dismiss Legal Father's Non-Paternity Petition for failure to state a claim upon which relief may be granted because the court misapplied §210.854 in interpreting §210.854 to prevent a petitioner from satisfying §210.854's requirement that the petition's affidavit contain an allegation that evidence exists which was not considered before entry of judgment where the person challenging his paternity did not provide any evidence before entry of the judgment of paternity and support in that prior interpretation of §210.854 has found that the legislature enacted §210.854 to relieve a legal father from child support obligations where that person had been adjudicated to be the father of a child and later found out he was not the biological father of the child or wanted to contest his paternity of the child, which Legal Father satisfied as he was determined to be the biological father of minor child and is desiring to contest his paternity, and the only evidence considered in the default judgment of paternity and support was the fact that Legal Father acknowledged his paternity and therefore the evidence Legal Father alleged exists that was not considered could not have possibly been considered.[5]

In virtually identical arguments in each point, we understand Petitioner to contend the court erred because it added requirements not stated in section 210.854 when it determined he could prove no set of facts entitling him to relief. Even assuming, for the sake of argument, that the court added requirements as he contends, Petitioner nevertheless fails to state a claim upon which relief may be granted. Petitioner alleged material mistake of fact as the basis for rescinding his acknowledgment of paternity and setting aside the resulting judgment of paternity and support based on his acknowledgment. Petitioner alleges he knew *before* he acknowledged his paternity that he was not the child's biological father, thus negating his simultaneous allegation of material mistake of fact. These allegations in the petition are dispositive to

---

[5] Appellants must adhere to the rules of appellate procedure in order for us to review appeals. *Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 869 (Mo. App. E.D. 2021). Rule 84.04(d)(1) requires an appellant to "(A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." The purpose of Rule 84.04(d)(1) is to give notice to the opposing party of the precise matters the party must address, and to inform the appellate court of the issues presented for review. *Landwehr v. Hager*, 612 S.W.3d 220, 224 (Mo. App. E.D. 2020). Here, Petitioner's points on appeal do not concisely state the claim of reversible error and are multifarious in violation of Rule 84.04(d). Nevertheless, as a matter of policy, we prefer to adjudicate non-compliant briefs on the merits. *Id*. at 225. We will do so *ex gratia* when we can ascertain the essence of an appellant's arguments, as we can here, notwithstanding minor shortcomings in briefing. *Id*.

Petitioner's appeal. In other words, Petitioner pleads facts that *negate* a claim based on material mistake of fact, such that his petition cannot survive the Division's motion to dismiss, and our inquiry ends.

Missouri adopted the Uniform Parentage Act ("the Act"), then sections 210.817–210.852, in 1987. *Piel v. Piel*, 918 S.W.2d 373, 375 (Mo. App. E.D. 1996). The purpose of the Act was to establish a uniform method for determining paternity that would protect the rights of all parties involved, especially the children. *Id*. In section 210.823, the Act specifically allows for a legal finding of paternity in favor of a man who may or may not be the biological father when he has executed an acknowledgment of paternity. *A.A.B. v. A.D.L.*, 572 S.W.3d 562, 573 (Mo. App. E.D. 2019) (Page, J., dissenting). Section 210.823.1 provides in pertinent part:

> A signed acknowledgment of paternity form pursuant to section 193.215 shall be considered a legal finding of paternity subject to the right of either signatory to rescind the acknowledgment, in writing, by filing such rescission with the [Bureau of Vital Records] within the earlier of:
> (1)  Sixty days from the date of the last signature; or
> (2)  The date of an administrative or judicial proceeding to establish a support order in which the signatory is a party. *The acknowledgment may thereafter only be challenged in court on the basis of fraud, duress or <u>material mistake of fact</u>* with the burden of proof upon the challenger. No judicial or administrative proceeding shall be required or permitted to ratify an unchallenged acknowledgment of paternity.

(Emphasis added). An acknowledgment of paternity pursuant to section 210.823 is considered a *legal finding of paternity* that can be challenged by the signatories only as provided in section 210.823. *F.J.M. v. F.L.J.*, 637 S.W.3d 130, 136 (Mo. App. W.D. 2021). There is no dispute that Petitioner did not seek to rescind his acknowledgment of paternity within the time limit set forth in section 210.823.1. Therefore, Petitioner may challenge the acknowledgment of paternity only on the basis of fraud, duress, or material mistake of fact. Section 210.823.1(2); *F.J.M.*, 637 S.W.3d at 137.

6

Here, Petitioner sought to assert a claim challenging, pursuant to section 210.823.1, the acknowledgment of paternity "on the basis of material fact." Section 210.823 does not define the term "material mistake of fact." *S.A.S. v. B.P.*, 314 S.W.3d 348, 355 (Mo. App. E.D. 2010). When the statute does not define a term, we look to the dictionary definition to determine the term's plain and ordinary meaning. *Ross v. Scott*, 593 S.W.3d 627, 630 (Mo. App. E.D. 2019). A "mistake" is "[a]n error, misconception, or misunderstanding; an erroneous belief." BLACK'S LAW DICTIONARY (12th ed. 2024), mistake. A "mistake of fact" is "[a] mistake about a fact that is material to a transaction; any mistake other than a mistake of law." *Id*. "Material" means "[h]aving some logical connection with the consequential facts," or "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential." BLACK'S LAW DICTIONARY (12th ed. 2024), material. Thus, a "material mistake of fact" is a misconception, misunderstanding, or erroneous belief regarding the significant, consequential, or essential facts logically connected to the transaction.

While section 210.823 permits rescission of an acknowledgment of paternity based on material mistake of fact, "[p]rior to 2009, no *remedy* existed [within the Act] to relieve a person from child support obligations where that person (1) had been adjudicated to be the father of a child and (2) later found out he was not the biological father of that child or wanted to contest his paternity of the child." *Cooper v. Cooper*, 445 S.W.3d 589, 592 (Mo. App. S.D. 2014) (emphasis added). Instead, a person who later sought to contest a legal finding of paternity might seek to set aside the judgment pursuant to Rule 74.06(b) or pursue an independent action in equity.[6] *See, e.g., Walker*, 280 S.W.3d at 637-38 (finding husband failed to invoke court's equitable powers where motion alleged no facts supporting cause of action for extrinsic fraud); *State ex rel. Lowry*

---

[6] Rule 74.06(b) provides an avenue for relief from judgment or order based on excusable neglect or fraud, or an irregular, void, or satisfied judgment.

*v. Carter*, 178 S.W.3d 634, 636 (Mo. App. W.D. 2005) (finding motion sufficiently alleged equitable claim to set aside default paternity judgment based on extrinsic fraud); *State ex rel. Div. of Child Support Enforcement v. Hill*, 53 S.W.3d 137, 145 (Mo. App. W.D. 2001) (reversing dismissal of motion to set aside paternity judgment because trial court erred in not treating motion as independent action in equity).

In 2009, the Missouri legislature enacted section 210.854, which "creates a right to seek to set aside an otherwise final, non-appealable judgment determining paternity." *T.B. III v. N.B.*, 478 S.W.3d 504, 507 (Mo. App. E.D. 2015) (quoting *State ex rel. State Dept. of Social Servs., Family Support Div. v. Campbell,* 386 S.W.3d 229, 230 (Mo. App. W.D. 2012)). The statute also allows a father to "unwind the financial and criminal ramifications of non-support resulting from the judgment." *Truong*, 564 S.W.3d at 766.

In other words, section 210.854 provides a remedy, a mechanism within the Act, for people paying child support for children who are, in fact, not their biological children. "[T]he statute's subject matter is the judgment of child support *unjustly* entered against the petitioner. It addresses the injury of putative and presumed fathers paying child support for children who are in fact not their biological children, but who could not otherwise obtain a vacation of child support orders or paternity judgments." *Doss v. Brown*, 419 S.W.3d 784, 788 (Mo. App. W.D. 2012) (emphasis added). However, "[t]he concept of fraud is inherent in Section 210.854. Section 210.854 allows a father to set aside a previous paternity judgment on the basis of later DNA test results ruling out biological paternity, but specifically limits this remedy." *T.B. III*, 478 S.W.3d at 510.

The two elements that must be pled when seeking relief pursuant to section 210.854 are: (1) that "evidence exists which was not considered before entry of judgment," *and* (2) either (a)

that genetic testing conducted within the last 90 days excludes the petitioner as the child's biological father, *or* (b) that petitioner requests an order for genetic paternity testing. Section 210.854 provides in pertinent part:

> 1. In the event of the entry of a judgment or judgments of paternity and support, … a person against whom such a judgment or judgments have been entered may file a petition requesting a circuit court with jurisdiction over the subject child or children to set aside said judgment or judgments in the interests of justice and upon the grounds set forth in this section. … [T]he petition shall be filed within two years of the entry of the original judgment of paternity and support or within two years of entry of the later judgment in the case of separate judgments of paternity and support and shall be filed in the county which entered the judgment or judgments of paternity and support. …
> 2. The petition shall include an affidavit executed by the petitioner alleging that evidence exists which was not considered before entry of judgment and either:
>> (1) An allegation that genetic testing was conducted within ninety days prior to the filing of such petition … indicat[ing] that a person subject to the child support payment order has been excluded as the child's father; or
>> (2) A request to the court for an order of genetic paternity testing using DNA methodology.

Petitioner argues the legislature did not care whether a legal father already knew or believed he was not the father of a minor child when he acknowledged his paternity, and so the statute includes no requirement related to such lack of knowledge. We disagree. In providing a remedy for a person who is not the child's biological father to set aside a judgment of paternity and support or an acknowledgment of paternity, section 210.854 twice invokes section 210.823, referencing the latter's provisions for rescinding an acknowledgment of paternity based on material mistake of fact.

Here, Petitioner alleged the first element that must be pled to obtain relief pursuant to section 210.854—that evidence exists which was not considered before entry of the judgment of paternity and support. Because Missouri is a fact-pleading state, however, a petition must also contain a short and plain statement of the facts showing an entitlement to relief. *Gerke v. City of*

9

*Kansas City*, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016). The petition must plead ultimate facts demonstrating such entitlement. *Id.* A petition that merely asserts conclusions is insufficient, and we must disregard any conclusions not supported by facts. *Id.* at 436-37. Dismissal for failure to state a claim is properly granted when the petition does not contain ultimate facts or allegations from which to infer those facts. *Id*. at 437.

The evidence Petitioner identifies in his pleading consists of his knowledge that Mother was pregnant by another man when he and Mother began dating. Petitioner alleges he knew Mother was pregnant and that he was not the biological father before the child was born. Petitioner's own averments negate his contention that a material mistake of fact existed when he and Mother signed and submitted the acknowledgment of paternity, which acknowledgment constitutes a legal finding of paternity pursuant to section 210.823.1. Petitioner's averments do not support a claim of material mistake of fact that would warrant setting aside an acknowledgment of paternity and the resulting judgment of paternity and support. Indeed, Petitioner's averments establish there was no material mistake of fact.

Further, "[w]e must give the statute its plain and ordinary meaning, and we must read the statute *in pari materia,* that is, in conjunction with the similar provisions of chapter 210." *Wilson v. Cramer*, 317 S.W.3d 206, 210 (Mo. App. W.D. 2010). "Courts should avoid interpreting statutes in a way that leaves the statutory language meaningless." *T.B. III*, 478 S.W.3d at 510. Section 210.854 expressly invokes the principles of section 210.823 for setting aside a legal finding of paternity, and expressly refers to material mistake of fact. But nowhere does section 210.854 refer to a person's ability to challenge a finding of legal paternity because he changed his mind about claiming the child as his own, *absent a material mistake of fact*. To interpret section 210.854 in a manner that allows a legal father to simply change his mind regarding

10

fatherhood, after acting with full knowledge that he was not the biological father, would render meaningless the reference in section 210.823.1(2) that the acknowledgment of paternity may be challenged only "on the basis of fraud, duress, or material mistake of fact."

In addition, it is worth observing that the statute expressly states its provisions "shall not apply to grant relief to the parent of any adopted child." Section 210.854.5. Excluding the parent of an adopted child from the relief afforded by section 210.854 is logical because an adoptive father would already know he was not the child's biological father when assuming responsibility and claiming the child as his own. Similarly here, Petitioner, although he did not legally adopt the child, knew when he chose to assume responsibility and claim the child as his own that he was not the child's biological father. Nevertheless, Petitioner proceeded to acknowledge paternity, despite full knowledge that he was not the biological father. The exclusion of adoptive fathers from the relief afforded by section 210.854 suggests that the legislature, in fact, did care about discharging the obligations assumed voluntarily by a parent with full knowledge that he was not the biological father of the child.

We cannot ignore the language in section 210.823.1 providing that, after the identified 60-day limit, "[t]he acknowledgment may thereafter only be challenged in court on the basis of fraud, duress or material mistake of fact …." As established by his own averments in his petition and statements in his supporting affidavit, Petitioner knew when he signed the acknowledgment of paternity that Mother became pregnant by another man, and that Petitioner was not the child's biological father. Specifically, Petitioner alleged that: (1) when Mother was pregnant, she told him that another man was the child's biological father; and (2) Mother was pregnant before she and Petitioner dated and before they engaged in sexual intercourse with one another. During argument on the motion to dismiss, counsel for petitioner clarified that "mom admitted to

11

[Petitioner] *when she met him* that she was pregnant with [another man's] child." (Emphasis added.) "[Petitioner] did not even have a date with [Mother] until after she was pregnant."

"The character of a cause of action must be determined from the factual allegations of the petition." *Walker*, 280 S.W.3d at 637. A party cannot recover for a cause of action not pled. *Id*. Taking the allegations in the petition as true, Petitioner has not pled any facts that support setting aside a judgment of paternity and support or rescinding the acknowledgment of paternity, on which the paternity judgment rests, based on material mistake of fact. Petitioner has not pled that Mother misled him about her pregnancy or the child's paternity at any time. Petitioner has not pled that he and Mother were mutually mistaken that he was the child's biological father. Petitioner has not pled that he mistakenly believed he was the child's biological father. Petitioner has not pled that he held a mistaken belief when he signed the affidavit acknowledging paternity.

Rather, Petitioner pled that he knew *before the child was born* that he was not the child's biological father. Thus, Petitioner knew when he later signed the affidavit acknowledging paternity after the child's birth that he was not the child's biological father. Knowing these facts, Petitioner nevertheless assumed legal responsibility and claimed the child as his own by signing and submitting the affidavit acknowledging paternity. *See Wilson*, 317 S.W.3d at 211 (stating acknowledgment of paternity is essentially agreement between signatories that one party will assume the legal obligations of child's father).[7] Petitioner now asserts this evidence was not considered before entry of the judgment of paternity.

Petitioner also requested a court order for genetic paternity testing. But Petitioner's pleading of this element does not help him survive the motion to dismiss. Under the

---

[7] By its terms, section 210.823 does not speak to a third party's standing to bring a paternity action under the Act. *Wilson*, 317 S.W.3d 206 at 21. Thus, a man who believes he is the child's biological father could bring an action to establish his paternity. *Id*.

circumstances of this case, even assuming blood test results were to demonstrate that Petitioner is not the child's biological father, the test results would not have any bearing on his allegations of material mistake of fact. *See State ex rel. Wade v. Frawley*, 966 S.W.2d 405, 406 (Mo. App. E.D. 1998) (test results would not have any bearing on father's allegations of fraud by mother). Test results cannot demonstrate a father's state of mind at the time he signed the paternity agreement. *Id.*

Petitioner cites *Cooper v. Cooper*, 445 S.W.3d 589, 592 (Mo. App. S.D. 2014), and *Gwyn v. Summers*, 514 S.W.3d 628, 632 (Mo. App. W.D. 2017), for the proposition that section 210.854 provides a remedy for relief from child support obligations when a person has been adjudicated the father of a child and wants to contest his paternity. *Cooper* and *Gwyn* are distinguishable. Neither case addresses circumstances such as these where a person: (1) signed and submitted an acknowledgment of paternity while having full knowledge he was not the child's biological father; (2) was later adjudicated the father based on his acknowledgment of paternity, and ordered to pay child support; and (3) sought to then rescind his acknowledgment of paternity beyond the 60-day limitation set forth in section 210.823.1 and set aside the resulting judgment.

The *Cooper* and *Gwyn* cases, however, each involved a mother who sought to use section 210.854 to relieve herself of child-support obligations by having the recipient—the father— declared not to be the child's biological father. *Gwyn*, 514 S.W.3d at 629-30; *Cooper*, 445 S.W.3d at 591. The Court in each case affirmed dismissal because "in order to invoke the statute, the *petitioner* must be challenging the parental relationship between *petitioner* and child." *Gwyn*, 514 S.W.3d at 632 (emphases in original). In neither case did the petitioner, the mother, allege that the children were not her biological children. Consequently, section 210.854 did not apply to

grant the petitioner relief, and the respective petitions could not survive the motion to dismiss. *Gwyn*, 514 S.W.3d at 632-33; *Cooper*, 445 S.W.3d at 593.

Petitioner also gives too much weight to the phrase in *Cooper* wherein the Court states that section 210.854 provides a remedy to an adjudicated father who "want[s] to contest his paternity of the child." *Id*. at 592. Given our standard of review, we do not read phrases in isolation. Emphasis on that single phrase fails to consider that section 210.854 invokes the principles of section 210.823 in granting relief, and that our Court has stated "[t]he concept of fraud is inherent in Section 210.854." *T.B. III*, 478 S.W.3d at 510. We do not find *Cooper* or *Gwyn* persuasive given the facts of the present case and for the reasons explained previously.

Under the circumstances of this case, Petitioner cannot plead any set of facts, which if true, establish a material mistake of fact existed when he signed the acknowledgment of paternity, having full knowledge at the time that he was not the child's biological father. *See Walker*, 280 S.W.3d at 637-38 (holding trial court did not err in dismissing husband's motion for declaration of non-paternity based on fraud where husband failed to allege any facts supporting a cause of action for extrinsic fraud). Thus, the legal finding of paternity remains, as it has not been appropriately challenged.

Conclusion

Petitioner has failed to plead—nor can he plead under the circumstances present in this case—any set of facts that, if proved, would entitle him to relief. We affirm the trial court's judgment dismissing the petition for non-paternity.

_____
Angela T. Quigless, J.

James M. Dowd, P.J., and
Cristian M. Stevens, J., concur.